Filed 5/16/14  Marquart v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JEFFREY R. MARQUART,<br><br>    Plaintiff, Cross-defendant and<br>Respondent,<br><br>         v.<br><br>STUART A. SMITH,<br><br>    Defendant, Cross-complainant and<br>Appellant. | G048099<br><br>(Super. Ct. No. 30-2008-00115418)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Nancy Wieben Stock, Judge.  Affirmed.

Gary E. Shoffner for Defendant, Cross-complainant and Appellant.

Waldron & Bragg, Weintraub Tobin, Gary A. Waldron and John S. Olson for Plaintiff, Cross-defendant and Respondent.

\*          \*          \*

Defendant and cross-complainant Stuart A. Smith appeals from a judgment awarding plaintiff and cross-defendant Jeffrey R. Marquart over $874,000 in damages, plus prejudgment interest for breach of fiduciary duty. This action arose from the dissolution of the parties' law partnership and a limited liability company through which they operated commercial office buildings. Defendant contends the trial court erred in concluding he was not entitled to any compensation for his efforts in winding up the law partnership's affairs. Finding no error, we affirm the judgment.

FACTS AND PROCEDURAL BACKGROUND

Plaintiff and defendant formed a law partnership in 1998, agreeing they would share equally in the business' profits and losses. In 2003, the parties acquired an office building and created Centennial Professionals LLC to operate it. At the same time, they entered into a written agreement confirming the terms of their oral law partnership agreement, including each member's 50 percent interest in the firm's profits and losses.

During the law firm's existence, each partner handled his own caseload. But they did not take equal draws from the firm's income. The trial court found each party withdrew funds "in an atmosphere of no real control." "[T]here were no . . . specific amounts indicated relative to partnership compensation and/or agreements whatsoever in this area and that it was somewhat of an idiosyncratic activity, with each partner taking funds as needed for personal reasons . . . year to year."

From time to time, plaintiff and defendant discussed the disparity in their draws. Plaintiff testified that after defendant took several draws in January 2006 without his knowledge or consent, he decided to withdraw from the partnership. On February 1, plaintiff sent defendant a letter summarizing the firm's financial status and stating he was terminating his practice with defendant. The court concluded this letter effectively dissolved the partnership. (Corp. Code, § 16801, subd. (1) [an at-will partnership is

2

dissolved "by the express will to dissolve and wind up the partnership business of at least half of the partners"]; all further undesignated statutory references are to this code.) At trial, plaintiff presented evidence that as of February 1, defendant's draws exceeded his own draws by over $163,000.

Plaintiff testified that upon leaving the partnership he took steps to ensure its trust account had sufficient funds to cover current obligations. He also assumed control over 36 pending partnership cases, consisting of 12 contingency fee cases and 24 matters subject to hourly fee agreements. Defendant took responsibility for 73 contingency fee cases belonging to the former partnership.

The parties jointly established a new dual-signature trust account. Plaintiff testified he asked defendant to deposit the fees and costs received from his cases into the new trust account. Between February and August 2006, plaintiff deposited over $207,000 in fees and over $7,400 in costs into this account. He stopped making deposits after realizing defendant had refused to deposit any of the "hundreds of thousands of dollars" he had received from partnership cases.

Between February 1, 2006 and November 30, 2009, plaintiff received over $677,000 in fees, plus more than $34,500 in costs on the law partnership cases he handled. Defendant received over $2.2 million in fees along with nearly $42,000 in costs on the cases under his control. Defendant acknowledged he did not keep time records for his work on the former partnership cases after dissolution, claiming he "was entitled to . . . maintain [monies received]" from those cases.

At the completion of the evidentiary phase of trial, the court issued an oral tentative ruling on the issues. It found neither party was more blameworthy than the other in causing the partnership's demise. It also concluded the partnership revenues would be divided on a 50/50 basis, but defendant's request for reasonable compensation in winding up the partnership's business required a comparative analysis of the parties' efforts. Two months later, the court issued a final ruling that determined defendant had

3

the burden of proof on the reasonable compensation issue and, to satisfy this burden he would have to show he worked a disproportionately greater number of hours on pending partnership cases than plaintiff. It found the evidence presented and the parties' offers of proof insufficient to justify awarding compensation to defendant. Finally, the court found defendant breached his fiduciary duties by "refusing to account for and secure for the benefit of the partnership" the firm's revenues and costs.

In addition, the court ordered a reference to address some accounting issues. After an extended delay in completing that proceeding, the court issued a written statement of decision which adhered to the views it had previously expressed and entered judgment for plaintiff.

DISCUSSION

Defendant contends the trial court erred in refusing to award him "any compensation for completing [the] 73 contingency [fee] cases" he handled after dissolution of the parties' partnership. He argues section 16401, subdivision (h), part of the Uniform Partnership Act of 1994 (§ 16100 et seq.; the Act), entitled him to recover "'reasonable compensation' for completing the partnership's contingency cases." He also claims this statute legislatively overruled the no extra compensation rule announced in *Jewel v. Boxer* (1984) 156 Cal.App.3d 171, a case decided under the former Uniform Partnership Act (former § 15001 et seq., repealed by Stats. 1996, ch. 1003, § 1.2, p. 4734). Thus, he requests we reverse the judgment and remand the matter for a new trial.

The trial court did not err in declining to award defendant any portion of the fees he recovered on the former partnership's cases under his control. In *Jewel*, the trial court created a formula that awarded each member of a dissolved law partnership a quantum meruit recovery on the fees from the firm's pending cases. The Court of Appeal reversed, ruling that under the former Uniform Partnership Act, unless the partnership

4

agreement provided an alternative means of dividing postdissolution revenues, "after dissolution of a law partnership, income received by the former partners from cases unfinished at the time of dissolution is to be allocated on the basis of the partners' respective interests in the dissolved partnership." (*Jewel v. Boxer, supra,* 156 Cal.App.3d at p. 177.)

When *Jewel* was decided, former section 15018, subdivision (f) provided "[n]o partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his or her services in winding up the partnership affairs." (Amended Stats. 1995, ch. 679, § 5, p. 5202; Repealed Stats. 1996, ch. 1003, § 1.2, p. 4734.) The Act eliminated this provision. Now section 16401, subdivision (h) declares "[a] partner is not entitled to remuneration for services performed for the partnership, except for reasonable compensation for services rendered in winding up the business of the partnership."

Even assuming defendant is correct in asserting the statutory change legislatively overruled *Jewel*, the trial court did not decline to award him reasonable compensation in winding up the partnership's business based on that decision. Defendant cites comments by the trial court at the end of the evidentiary phase of trial to support this argument. But the court's statement of decision accepted the premise that, in an appropriate case, "[t]he revised [Act] allows for reasonable compensation for services rendered in winding up partnership business."

Rather, the court declined to award any portion of the fees to defendant for two other reasons. The first ground was that defendant failed to establish his right to reasonable compensation. The court noted "the burden [of proof] is on the partner [here defendant] seeking compensation to prove that the compensation sought is reasonable in light of the disproportionate share of partnership business performed in winding up" the law partnership, and "the . . . relevant measure for the analysis of compensation in this context is comparative hours worked . . . ." After reviewing the limited evidence

5

presented at trial and the subsequent offers of proof, the court concluded "[t]here is no proper basis to say [defendant] worked more than [plaintiff]."

The second reason for refusing to award defendant reasonable compensation was that it found he breached his fiduciary duties "by, among other things, . . . refusing to account for and secure for the benefit of the partnership revenues," plus "failing to account [for] and reimburse the partnership for costs owed to the partnership." Thus, the court concluded defendant "was not actually ever performing work for the winding up of the partnership which could allow a claim for reasonable compensation, but was just working for himself."

We find the record supports the trial court's decision on the reasonable compensation issue. Defendant had the burden of proving the he was entitled to recover additional compensation for his efforts in winding up the former partnership's business. Section 16401, subdivision (h) generally bars a partner's "remuneration for services performed" unless it is "reasonable compensation for services rendered in winding up the business of the partnership." Thus, a partner seeking to recover reasonable compensation must shoulder the burden of proof on that issue. (Evid. Code, § 500 [generally "a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting"].)

The question of whether defendant satisfied his burden presented a question of fact. Under standard appellate principles "on appeal, the judgment or verdict is presumed correct. [Citation.] '[I]t follows . . . that the reviewing court must "consider the evidence in the light *most favorable to the prevailing party*, giving him the benefit of *every reasonable inference*, and *resolving conflicts* in support of the judgment." [Citation.] "[T]he power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury."'" (*Bardis v. Oates* (2004) 119

6

Cal.App.4th 1, 10.) "The weight of the evidence, and the credibility of the witnesses, are matters for the trier of fact." (*Smith v. Bull* (1958) 50 Cal.2d 294, 305.)

Defendant attacks the trial court's conclusion he had to show the time he spent winding up pending partnership cases was disproportionately greater than the time plaintiff spent on the pending cases under his control. But section 16802, subdivision (a) states that generally, "a partnership continues after dissolution . . . for the purpose of winding up its business. The partnership is terminated when the winding up of its business is completed." (See *Rosenfeld, Meyer & Susman v. Cohen* (1983) 146 Cal.App.3d 200, 216, fn. omitted, disapproved of on another ground in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 521, fn. 10.) Unfinished business covers "'any contract of employment between the partnership and the clients for the performance by the partnership of the services thereafter claimed.'" (*Rosenfeld, Meyer & Susman v. Cohen, supra,* 146 Cal.App.3d at p. 217.)

The parties' agreement provided they would equally share the partnership's profits and losses regardless of the size or nature of each member's caseload. Both of them had a "duty to wind up and complete the business of the dissolved partnership" (*Rosenfeld, Meyer & Susman v. Cohen, supra,* 146 Cal.App.3d at p. 216), and each took responsibility for part of the dissolved firm's pending matters. Thus, both parties were entitled to receive reasonable compensation for completing unfinished partnership business. While plaintiff did not fully document the time he spent on partnership cases, the trial court noted his offer of proof was that he spent over 2,400 hours on the hourly fee cases alone. Defendant on the other hand admittedly failed to keep any records of the hours he spent on outstanding partnership cases for which he was responsible. The fact that he assumed control of twice as many cases as plaintiff does not alone justify a different result. Defendant acknowledged nearly one-third of the cases under his control resulted in either no fee recovery or a fee award of $5,000 or less. He also admitted over one-half of the fees he recovered came from just four cases. Given that the evidence

7

showed defendant's draws exceeded those of plaintiff by over $163,000 when the partnership dissolved, it was appropriate for the court to conclude defendant could recover reasonable compensation for his efforts in completing the unfinished partnership cases only if the time he spent on these matters was disproportionate to the time plaintiff spent winding up partnership business.

Citing his own trial testimony that plaintiff once refused his request for assistance on a case, defendant complains the trial court erred in finding he never asked plaintiff to help him in handling his caseload. This argument misstates the evidence. The trial court's finding referred to the lack of a request for help *after* the partnership was dissolved. In the statement of decision, it noted, "Nothing in the post[]dissolution effort . . . prevented a caseload adjustment; and, in fact, the law relating to partnership duties and responsibilities appears to require it when a partner asks for assistance. [Defendant] never asked for [plaintiff's] assistance . . . ." By contrast, defendant's testimony referred to a request he made before the partnership dissolved. He acknowledged he "never took . . . th[e] matter up with [plaintiff]" after dissolution.

Defendant also claims there is no authority supporting the trial court's claim he needed to provide written time records of his work on partnership cases. He is wrong. Section 16404, subdivision (b)(1) imposes on a partner an obligation "[t]o account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business . . . ." Also section 16807, subdivision (b) states "[e]ach partner is entitled to a settlement of all partnership accounts upon winding up the partnership business." Thus, it has been held the Act "and the common law fiduciary obligations of partners, imposed a duty on . . . partners who receive[] unfinished fee income to accurately account for it." (*Rosenfeld, Meyer & Susman v. Cohen* (1987) 191 Cal.App.3d 1035, 1051.) While defendant presented vague statements to the effect he spent hundreds of hours on these

matters, this evidence failed to satisfy his duty to accurately account for the fees and costs reimbursements he received from the unfinished partnership matters.

Defendant cites numerous cases for the proposition a court may award recovery of attorney fees even "in the absence of written time records." What he forgets is that this case involves an action arising from the dissolution of a law partnership, not a successful litigant's request for recovery of attorney fees *qua* attorney fees. The issue before the trial court was defendant's right to *reasonable compensation* in winding up the partnership's affairs. Under the parties' agreement, the costs and fees he recovered belonged to the partnership. Thus, the cases on which defendant relies are inapposite.

Finally, the court also refused to award defendant reasonable compensation for his efforts in winding up partnership affairs because it found him liable on plaintiff's breach of fiduciary duty cause of action. This issue also presented a question of fact which we review under the substantial evidence rule. (*David Welch Co. v. Erskine & Tulley* (1988) 203 Cal.App.3d 884, 890.)

As noted, defendant's status as a partner of the law firm included a duty "[t]o account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business . . . ." (§ 16404, subd. (b)(1); see also § 16807, subd. (b) ["[e]ach partner is entitled to a settlement of all partnership accounts upon winding up the partnership business"].) Defendant failed to present any accounting of the fees and costs he recovered on partnership cases or segregate the proceeds received from those cases. (§ 16401, subd. (g) ["[a] partner may use or possess partnership property only on behalf of the partnership"].)

Defendant argues the trial court "fail[ed] to consider how [he] used the funds generated from the cases he was winding up." He is mistaken. The trial court expressly found defendant's failure to account for or reimburse the fees and costs from partnership cases resulted from his belief "he owned the[] clients [of the partnership cases

9

under his control]," plus "each and every dollar of the revenues generated," and thus he "knowingly retained funds belonging to the partnership, refused to account to the partnership for them or turn them over, and spent them on himself." The appellate record supports the trial court's finding. When asked by plaintiff's counsel whether, after February 2, 2006, it was his "position that [he was] entitled to all moneys that [he] recovered" on pending partnership cases, defendant answered "[y]es."

The trial court found for plaintiff based on his breach of fiduciary duty cause of action, and the damages awarded to him consisted of an amount determined to comply with the partnership's agreement's 50/50 division of profits. Therefore, defendant has failed to establish any error, much less prejudicial error in this case.

DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

10